**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**BRANDON CELESTINE #140417**                                         **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO.: 1:13-cv-487-MTP**

**MIKE WEST, ET AL.**                                         **DEFENDANTS**

## OPINION AND ORDER

THIS MATTER is before the Court on the Motion for Summary Judgment [25] filed by

Defendant Mike West and Wexford Health Sources, Inc.  Having considered the submissions of

the parties and the applicable law, the Court finds that the Defendants' Motions for Summary

Judgment [25] should be granted.

### FACTUAL BACKGROUND

On April 17, 2012, Plaintiff Brandon Celestine, proceeding *pro se* and *in forma pauperis*,

filed his Complaint [1] pursuant to 42 U.S.C. § 1983.  Through his Complaint, and as clarified

during his *Spears*[1] hearing, Plaintiff asserts claims against Defendants Dr. Mike West and

Wexford Health Services, as Dr. West's employer, for providing him inadequate medical

treatment.  Specifically, Plaintiff alleges that Defendants broke his tooth and the broken piece is

still in his mouth, causing pain. Plaintiff also alleges he was not allowed an outside consultation.

The allegations in Plaintiff Complaint occurred while he was a post-conviction inmate at South

Mississippi Correctional Institution ("SMCI").  Plaintiff is currently incarcerated at SMCI.

Plaintiff seeks monetary damages and injunctive relief for the alleged violations of his

constitutional rights.  On February 6, 2014, Defendants filed their Motion for Summary

Judgment [25].

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).  Plaintiff's Spears hearing took place on December 13, 2013.

## STANDARD FOR SUMMARY JUDGMENT

This Court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, the Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id* at 712.

There, however, must be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations,"[2] unsubstantiated assertions,[3] or the presence of a "scintilla of evidence,"[4] is not enough to create a real controversy regarding material facts. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

---

[2] *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990)
[3] *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994)
[4] *Davis v. Chevron U.S.A.*, *Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994)

## ANALYSIS

Plaintiff's claims are before the Court pursuant to 42 U.S.C. § 1983.  Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981).  Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'right, privileges, or immunities secured by the Constitution and laws' of the United States." *Id.* (quoting 42 U.S.C. § 1983).  Accordingly, Plaintiff must demonstrate a genuine issue of material fact as to the following two elements: (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law.

Regarding the state-actor element, Defendants include a dentist who provides dental care to inmates at SMCI (Dr. West), and his employer Wexford Health Sources.  The Supreme Court has explicitly held that Section 1983 liability applies to doctors who are not formally employed by a state, but who instead provide medical care to prisoners as government contractors. *West v. Atkins*, 487 U.S. 42, 49-57 (1988); *Bishop v. Karney*, 408 Fed. App'x. 846, 848 (5th Cir. 2011). In other words, the state-action requirement of Section 1983 may be satisfied when private doctors serve inmate populations.

Turning to the element of a constitutional deprivation, it is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability."  *Oliver v. Scott*, 276 F.3d 736, 742 & n.6 (5th Cir. 2002) (emphasis in original); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability.") (citations omitted).  "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the

alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Moreover, "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom, or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

### *Denial of Adequate Medical Care*

Plaintiff alleges claims against the Defendants for the inadequate medical treatment in violation of the Eighth Amendment. Plaintiff asserts that he needs oral surgery to finish the extraction of a tooth that was not extracted properly, that Dr. West incorrectly extracted the tooth, and that Wexford Heath Sources as West's employer is responsible for his actions.

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing

so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. App'x 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

A prison official may not be held liable under this standard pursuant to Section 1983 unless the inmate alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Id*. at 838. Plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 Fed. App'x at 965 (quoting *Domino*, 239 F.3d at 756). "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). The Plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). Further, a prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001).

A.      Defendant Dr. West

Plaintiff claims that Dr. West improperly provided him inadequate dental care. The Plaintiff has made no showing that Dr. West or his employer Westford Heath Services deliberately treated him incorrectly, or refused to treat him.

In their Motion [25] and Supporting Memorandum [26], Defendants Dr. West and Wexford Heath Sources argue that Plaintiff has failed to establish they were deliberately indifferent to his medical needs because Dr. West extracted the tooth, but has not treated the Plaintiff nor refused to see him after the extraction, and as Dr. West's employer Wexford Health Sources is not vicariously liable for the actions Dr. West; thus, they are entitled to judgment as a matter of law.  In support of their Motion [25], Dr. West and Wexford Heath Sources submitted affidavits of Dr. West, Dr. Chris Mathews[5], a transcript of the *Spears* hearing, and the Plaintiff's medical records. (Motion [25] Ex. A-D)

In order to succeed on his claims, Plaintiff must demonstrate that Defendants were deliberately indifferent to his serious medical needs. *See Davidson*, 91 Fed. App'x at 964. Plaintiff has failed to make this showing.  Based on the evidence before the Court, Dr. West never refused the Plaintiff medical treatment and did not intentionally harm the plaintiff. (Motion [25] Ex. B). Dr. West extracted the tooth in September 2011, noting part of the root tip remained. (Sealed Ex. D [27] at 16). A few days later the Plaintiff received additional pain medicine for the pain from the surgery. *Id.* at 18. The medical records indicate that after this the Plaintiff refused to see Dr. West because West, "messed up his mouth." *Id.* at 19-20. Plaintiff refused to have to root tip removed on multiple occasion by West and other doctors on site. *Id.* at 21, 24. Plaintiff then requested to have an offsite doctor see him. *Id.* at 25.  Dr. Matthews's affidavit shows that

---

[5] Dr. Mathews, a dentist, is the State Dental Director employed by Wexford Health Sources.

Wexford Health Sources and its employees did not have any control of Plaintiff's medical schedule for offsite consultation. (Motion [25] Ex. B).

Based on the foregoing, Plaintiff has failed to create a genuine issue of material fact as to whether Dr. West was deliberately indifferent to his serious medical needs.  Dr. West is entitled to judgment as a matter of law regarding Plaintiff's dental care.

B.      Defendant Wexford Heath Sources

Plaintiff claims that Wexford Health Sources, as Dr. West's employer is responsible for the alleged improper dental treatment.  Plaintiff, however, has made no showing that Wexford was deliberately indifferent to his serious medical condition. *See Davidson*, 91 Fed. App'x at 964.  As previously mentioned, there is no supervisory or respondeat superior liability under Section 1983. *See Oliver*, 276 F.3d at 742 & n. 6.  Accordingly, Wexford cannot be held responsible for the Dr. West's alleged improper medical treatment of the Plaintiff. *See Thompkins*, 828 F.2d at 304 ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability.").

Plaintiff has failed to demonstrate that Defendant Wexford was independently involved in the alleged denial of adequate medical treatment, or that they implemented an unconstitutional policy that causally resulted in an injury to Plaintiff.  Moreover, the Court has determined that Dr. West has not violated the Plaintiff's constitutional rights.  Therefore, Plaintiff has failed to establish a constitutional violation by Wexford.

Based on the foregoing, Plaintiff has failed to create a genuine issue of material fact as the whether Defendants were deliberately indifferent to his serious medical needs. Defendants are entitled to judgment as a matter of law.

**CONCLUSION**

For the reasons stated above, the Court finds that Defendants' Motions for Summary

Judgment [25] should be granted.  Accordingly,

IT IS, THEREFORE, ORDERED that:

1.      Defendants' Motion for Summary Judgment [25] is GRANTED,

2.      This action is dismissed with prejudice, and

3.      A separate judgment in accordance with Federal Rule of Civil Procedure 58 will
        be filed herein.

SO ORDERED this the 5th day of June, 2014.

                                          s/ Michael T. Parker
                                          United States Magistrate Judge